UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| OHM CONCESSION GROUP, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:18-CV-01030 |
| | ) Hon. Reggie B. Walton |
| MATCHBOX FOOD GROUP, LLC, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Serve at: | ) |
|   6010 Executive Blvd, Suite 200 | ) |
|   Rockville, MD 20852 | ) **PUBLIC COPY** |
| HARVEY METRO, | ) |
| Serve at: | ) |
|   1412 Lake Norwood Way | ) |
|   Sandy Spring, MD 20860-3006 | ) |
|         Defendants. | ) |

**REDACTED COMPLAINT**

Plaintiff, OHM Concession Group, LLC, by and through its attorneys, and for its Complaint against Defendant Matchbox Food Group, LLC and Defendant Harvey Metro (collectively "Defendants"), alleges and states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

**PARTIES**

1. Plaintiff OHM Concession Group, LLC ("OHM") is a Missouri limited liability company whose members all reside in St. Louis, Missouri.

2. Defendant Matchbox Food Group, LLC ("Matchbox") is a limited liability company operating in the District of Columbia. None of Matchbox's members or managers reside in the State of Missouri.

3. Defendant Harvey Metro ("Metro") is the Chief Executive Officer of Matchbox residing in Connecticut.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy for damages alleged below exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendants, as this action arises out of a contract between OHM and Matchbox whereby the parties consented to jurisdiction and venue in the District of Columbia.

## TRIAL BY JURY

6. OHM is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7.; Fed. R. Civ. P. 38.

## FACTS RELEVANT TO ALL COUNTS

7. On May 27, 2015, OHM and Matchbook entered into an agreement whereby, in exchange for certain royalty payments, OHM was granted the right to utilize certain priority marks of Matchbox related to what is known as a DC-3 Restaurant ("Agreement").

8. In order to induce OHM to enter into the Agreement, Matchbox, through Metro, represented to OHM that it would provide OHM with confidential information sufficient to operate a DC-3 Restaurant consistent with Matchbox's already developed business model for operating a DC-3 Restaurant ("DC-3 System"). Matchbox, through Metro, further promised OHM it would provide support in the opening of OHM's DC-3 Restaurant and continue to provide support throughout the term of the Agreement.

9. Matchbox further confirmed these promises in written form within the terms of

- 3 -

the Agreement, continually referring to the DC-3 System and its confidential information and explicitly outlined the assistance Matchbox was required to provide.

10. In the Agreement, Matchbox specifically agreed to the following:





11.     Pursuant to the terms of the Agreement, OHM opened a DC-3 Restaurant in Dulles International Airport located in Virginia. With consent of Matchbox and Metro, OHM thereafter opened two additional DC-3 Restaurants in North Carolina and Maryland.

12.     In conjunction with the opening of these three locations, OHM expended investment costs in excess of ▮▮▮▮▮▮▮▮.

13.     Further, in compliance with the Agreement, OHM made payments to Matchbox in excess of ▮▮▮▮▮▮.

14.     OHM quickly learned 1) the DC-3 System was nonexistent; 2) Matchbox closed down its only corporate unit; and 3) Matchbox had no intention of providing either pre-opening or continuing assistance.

15.     In fact, despite representations otherwise, OHM discovered Matchbox merely intended to provide OHM with a brand.

16.     OHM repeatedly demanded the assistance and information surrounding the DC-3 System for which it contracted; however, Matchbox never provided any such assistance or information.

17.     As such, thereafter, OHM began withholding its royalty payments provided for under the Agreement.

18.     As a result of OHM's failure to provide information surrounding any DC-3 System and failure to provide any support, the three locations have not generated expected

revenue and two of the three locations are operating at a loss.

19.     On March 20, 2018, Matchbox issued a "Notice of Termination and Demand for Payment – Cease and Desist" purportedly terminating the Agreement, demanding payment of past due royalties, are demanding OHM de-brand from the DC-3 Restaurant marks.

## COUNT I: FRAUD IN THE INDUCEMENT
**(Matchbox)**

20.     OHM incorporates by reference as if fully stated herein the allegations set forth in paragraph 1 through paragraph 19.

21.     Prior to the execution of the Agreement, Matchbox falsely told OHM it would provide OHM with information surrounding a DC-3 System and provide pre-opening and continuing support operating a DC-3 Restaurant.

22.     Matchbox made such statements in order to induce OHM to enter into the Agreement.

23.     Matchbox had direct knowledge, at all times prior to, during, and after OHM executed the Agreements, that 1) it had no intention of providing OHM with information surrounding the DC-3 System as no such information exists because no such system exists; and 2) it had no intention of providing pre-opening or continuous assistance, rather merely intend to sell OHM its brand.

24.     Matchbox intended its material representations to lead to OHM entering into the Agreement and investing funds in opening its locations.

25.     OHM relied on the representations to its detriment.

26.     OHM had a right to rely on Matchbox's representations as Matchbox owed fiduciary duties to OHM under the Agreement and/or Matchbox had superior knowledge of the facts and circumstances surrounding the DC-3 System (or lack of such a system) ad their

intention not to provide assistance.

27. OHM has been damaged in excess of ███████ as a direct result of Matchbox's fraudulent misrepresentations.

28. Because of the fraudulent misrepresentations and inducements, the Agreement executed is void ab initio, or, in the alternative, voidable and unenforceable in its entirety. Any effort made by Matchbox to enforce the provisions of the Agreement is, therefore, null and void.

29. Matchbox's actions were wanton and illustrate their bad motives or, at minimum, demonstrate a reckless and willful disregard for the rights of others. Accordingly, an award of punitive damages is warranted.

Plaintiff OHM respectfully requests this Court enter judgment in favor of OHM and against Defendant Matchbox in Count I of its Complaint, and the Court enter its Order and Judgment 1) rescinding the Agreement, ordering that the Agreement is void ab initio, no longer having any force or effect, 2) directing all fees paid by OHM under the Agreement be returned to OHM, 3) awarding additional damages to place OHM in the position it enjoyed prior to this transaction, 4) awarding OHM punitive damages, interest, attorneys' fees and expenses, and court costs, and 5) awarding such other and further relief as is just and proper under the circumstances, so as to place OHM into the position he was prior to the misrepresentations and fraudulent inducements described herein.

## COUNT II: NEGLIGENT MISREPRESENTATIONS
**(Matchbox)**

30. OHM incorporates by reference as if fully stated herein the allegations set forth in paragraph 1 through paragraph 29.

31. Matchbox provided the representations outlined above.

32. Because of Matchbox's failure to exercise reasonable care in its

misrepresentations to OHM, the information provided to OHM was false.

33. The false information was provided in order to persuade OHM to enter into the Agreement, investing moneys to develop the locations and submitting payment for the Agreement.

34. OHM had a right to rely on Matchbox's representations as Matchbox owed fiduciary duties to OHM under the Agreement and/or Matchbox had superior knowledge of the facts and circumstances surrounding the DC-3 System (or lack of such a system) and their intention not to provide assistance.

35. OHM has been damaged in excess of ▮▮▮▮▮▮▮▮ as a direct result of Matchbox's inaccurate misrepresentations.

Plaintiff OHM respectfully requests this Court enter judgment in favor of OHM and against Defendant Matchbox in Count II of its Complaint, award OHM its damages as proven at trial, attorneys' fees and expenses, and for such other and further relief as is just and appropriate.

### COUNT III: BREACH OF CONTRACT
**(Matchbox)**

36. OHM incorporates by reference as if fully stated herein the allegations set forth in paragraph 1 through paragraph 35.

37. OHM and Matchbox entered into the Agreement.

38. Matchbox breached the Agreement by 1) failing to provide OHM with information surrounding the DC-3 System as no such information exists because no such system exists; and 2) failing to provide pre-opening or continuous assistance.

39. OHM performed all its obligations under the Agreement until such time that Matchbox failed to perform its obligations under the Agreement.

40. As a result of Matchbox's breaches of the Agreement, OHM has incurred

significant damages in the form of its investment costs and lost profits in excess of ▇▇▇▇▇.

Plaintiff OHM respectfully requests this Court enter judgment in favor of OHM and against Defendant Matchbox in Count III of its Complaint, award OHM its damages as proven at trial, attorneys' fees and expenses, and for such other and further relief as is just and appropriate.

### COUNT IV: VIOLATIONS OF THE MARYLAND FRANCHISE REGISTRATION AND DISCLOSURE LAW
**(Defendants)**

41. OHM incorporates by reference as if fully stated herein the allegations set forth in paragraph 1 through paragraph 40.

42. Pursuant to the Agreement, Matchbox granted OHM the right to engage in the business of offering, selling, or distributing goods or services at retail under a marketing or system prescribed in substantial part by Matchbox which was substantially associated with Matchbox's mark for a franchise located in Maryland, and OHM was required to pay a franchise fee.

43. As such, the Agreement constitutes the sale of a franchise.

44. Defendants sold the franchise to OHM in violation of the Maryland Franchise Registration and Disclosure Law, in that the franchise was not properly registered pursuant to the Maryland Franchise Registration and Disclosure Law and the Franchise was sold to OHM utilizing untrue statements of material fact and in an effort to defraud OHM, as outlined above.

45. OHM sustained damages associated with Defendants' violations of the Maryland Franchise Registration and Disclosure Law in excess of ▇▇▇▇▇.

- 9 -

Plaintiff OHM respectfully requests this Court enter judgment in favor of OHM and against Defendants in Count IV of its Complaint, award OHM its damages as proven at trial, attorneys' fees and expenses, and for such other and further relief as is just and appropriate.

### COUNT V: DECLARATORY JUDGMENT

46. OHM incorporates by reference as if fully stated herein the allegations set forth in paragraph 1 through paragraph 45.

47. The Agreement provides, in pertinent part:





(collectively "Non-Competition Provision").

48. The Non-Competition Provision purports to restrict ███████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████.

49. Further, the Non-Competition Provisions purport to extend ███████

███████████████████████████████████.

50. Such restriction was added to the Agreement, despite the lack of any protectable interest in that Matchbox failed to provide OHM with ANY information surrounding the DC-3 System (as no such system exists).

51. As the scope and breadth of the Non-Competition Provision contained in the Agreement is ███████████████████████████████, and as Matchbox does not have any protectable interest, the Non-Competition Provision is unenforceable.

52. As Matchbox is attempting to enforce the Non-Competition Provision, this issue is ripe for judicial review and OHM has a legally protectable interest under the terms of the Agreement.

Plaintiff OHM respectfully requests this Court 1) enter judgment in favor of OHM and against Matchbox in Count V of its Complaint, 2) declare the Non-Competition Provision void and unenforceable, 3) award OHM its attorneys' fees and expenses, and 3) for such other and further relief as is just and appropriate.

Date: May 7, 2018                                    Respectfully submitted,


/s/ Eric T. Werlinger
Eric T. Werlinger (D.C. Bar No. 1018172)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW – Suite 200
Washington, D.C. 20007
Tel: (202) 625-3500
Fax: (202) 298-7570
eric.werlinger@kattenlaw.com


Michael A. Clithero (*pro hac vice* forthcoming)
Alicia M. Goedde (*pro hac vice* forthcoming)
Lathrop Gage LLP
7701 Forsyth Blvd., Suite 500
St. Louis, MO  63105
Tel: (314) 613-2800
Fax: (314) 613-2800
mclithero@lathropgage.com
agoedde@lathropgage.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the forgoing document to be filed on May 7, 2018, with the Clerk of the Court by using the CM/ECF system.  I further certify that I caused the foregoing to be served upon the following parties by U.S. Mail:

Benjamin Reed
Plave Koch PLC
12005 Sunrise Valley Drive, Suite 200
Reston, VA 20191

*Counsel for Defendants*

                                            /s/ Eric T. Werlinger